UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PAMELA COY                                                                                          PLAINTIFF

v.                                                                     CIVIL ACTION NO. 3:06-CV-587-S

LOUISVILLE JEFFERSON METRO GOVERNMENT, et al                           DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court upon motion of the defendant Prison Health Services, Inc. ("PHS"), to dismiss the claims against filed against it by the plaintiff Pamela Coy ("Coy"), as time barred.

This action arose from Coy's incarceration at the Louisville Metro Department of Corrections ("Metro Corrections"). Coy alleges that, while she was in the custody of Metro Corrections, PHS failed to prevent her from being infected with Methicillin-Resistant Staphlococcus Aureus ("MSRA"), and then once infected, it failed to provide her with necessary medical treatment.

### BACKGROUND

Coy was placed in the custody of Metro Corrections on October 15, 2005. While in Metro Correction's custody, she developed painful sores on the back of her legs. Coy requested, but was not provided medical attention. After being released on November 1, 2005, Coy sought treatment and was diagnosed with MSRA. On December 5, 2005, Coy was returned to Metro Corrections custody, but was released shortly thereafter on December 22, 2005. During her second imprisonment, she was refused the medical care prescribed by her physician for the treatment of her

MSRA. Coy initially filed a state court action in Jefferson Circuit Court in the fall of 2006 alleging violations of her constitutional rights under 42 U.S.C. § 1983, as well as violations of her rights under Kentucky Constitution Section 17, KRS 441.045, 501 KAR 3:140 and 501 KAR 3:090. The lawsuit was removed to this court on November 16, 2006.

On March 20, 2007, Coy filed an Amended Complaint (DN 12) naming PHS as a defendant. PHS contends that Coy's claims against it are barred under the one-year statute of limitations period provided in KRS 413.140(1)(a). Coy challenges the application of the one-year statute of limitations to her claims. She also contends that pursuant to Federal Rules of Civil Procedure 15(c), her Amended Complaint should relate back to the date of the filing of her initial complaint.

## DISCUSSION

### I. Applicable Statutes of Limitation

**a. Federal Constitutional Claims under § 1983**

Congress has never legislated a statute of limitations period for § 1983 claims. Therefore, in § 1983 actions, courts apply the relevant state statute of limitations to determine whether the claim is timely filed. *Owens v. Okure*, 488 U.S. 235, 251, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The applicable statute of limitation for § 1983 actions in Kentucky is the one-year statute of limitations found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir.1990). Accordingly, Coy's federal constitutional claims are subject to the one-year statute of limitations.

The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Id.* at 183. In the context of a prisoner's claim for inadequate medical treatment, the Sixth Circuit has noted that the prisoner's cause of action accrues

on the date he was denied medical care, or at the latest, by the time of his release or transfer from the custody of the jail, even though the full extent of his injury was not known until later. *Hermansen v. Schickel*, No. 99-5230, 1999 WL 1282438 at *1 (6th Cir. Dec. 27, 1999).

In this case, Coy's allegations that she was denied medical care while in Metro Corrections' custody October 15 through November 1, 2005, and December 5 through December 22, 2005, result in the conclusion that her cause of action arose no later than December 22, 2005. Although her original complaint was filed within the one-year statute of limitations period, Coy's § 1983 claim against PHS was not asserted until March 20, 2007. Consequently, Coy's federal constitutional claims against PHS are barred by the statute of limitations.

**b. State Law Claims**

Coy asserts that a five-year statute of limitations should apply to her claims based on violations of section 17 of the Kentucky Constitution, KRS 441.045, 501 KAR 3:140, and 501 KAR 3:090. This assertion is based on Coy's interpretation of KRS 413.120(2) and (7) which respectively provide that "[a]n action based upon a liability created by statute, when no other time is fixed by the statute creating the liability" and "[a]n action for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated" must be commenced within five years. Coy argues that because her state law claims do not contain specific statutes of limitation, and because they are based on an injury to her rights, the applicable statute of limitations is five years.

In Kentucky, an action whose purpose is to recover for an injury to the person is governed by the statute of limitations that is applicable to personal injuries. *Finck v. Albers Super Markets*, 136 F.2d 191, 194 (6th Cir. 1943); *see also Morgan v. Horton*, No. 2005-CA-000690-MR, 2006 WL 573892 at *3 (Ky. App. March 10, 2006) (construing a prisoner's state constitutional claims as

personal injury claims and applying the Kentucky statute of limitations applicable to personal injuries). In Kentucky, KRS 413.140(1)(a) is applicable to personal injuries and requires such actions to be commenced within one year. The fact that the party causing injury to the plaintiff also violates a statute when causing that injury does not operate to change the rule or extend the time for the commencement of the action. *Finck*, 136 F.2d at 193.

Coy's case is one to recover for the "grievous bodily injury" she suffered stemming from the lack of medical treatment afforded her while in the custody of Metro Corrections. *See* Amended Complaint ¶ 34. Thus, the purpose of her action is to recover for an injury to her person. Accordingly, the one-year statute of limitations applies to her state law claims. Because Coy's state law claims against PHS were not asserted until March 20, 2007, they are barred by the statute of limitations.

## II. Relation Back of the Amended Complaint

Coy contends that the Amended Complaint should relate back to the date of the filing of the initial complaint. As such, Coy argues that the filing date of the initial complaint is the date for purposes of applying the statute of limitations to her claims against PHS. Because, the initial complaint was filed well within the one-year statute of limitations, Coy contends that her claims against PHS can not be time barred.

Under Federal Rules of Civil Procedure Rule 15(c)(3), four requirements must be satisfied in order for an amendment that changes a party, or the name of a party against whom a claim is asserted, to relate back to the original filing of the initial complaint: (1) the claim sought to be amended arose out of the conduct or occurrence alleged or attempted to be alleged in the original complaint; (2) the party to be added received such notice that he will not be prejudiced in defending

on the merits; (3) the party to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him; and (4) the second and third requirements were satisfied within the period provided for service of the summons and complaint. Fed. R. Civ. P. 15(c)(3).

Rule 15(c)(3) does not permit an amendment of a complaint to relate back where there is a lack of knowledge of the proper party. "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449-50 (6th Cir. 1991); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)). "An amendment relates back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where . . . *there is a lack of knowledge of the proper party*." *Ford v. Hill*, 874 F.Supp. 149, 153 (E.D.Ky. 1995) (quoting *Wilson v. United States*, 23 F.3d 559, 563 (1st Cir. 1994)) (emphasis in original).

> [A]mendment [of a complaint] with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations period has run.

*Wilson*, 23 F.3d at 563 (quoting *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)).

In her original complaint, Coy named Correctional Medical Services Inc. ("CMS") as a defendant. CMS was not the proper party and was later dismissed from the suit. Although she subsequently amended her complaint to add PHS as a party, she was unaware initially that PHS was the proper defendant. Coy did not make an error concerning the identity of the proper party.

Rather, she lacked knowledge of the proper party. Coy has failed to meet the requirements set forth in Rule 15(c)(3). Consequently, Coy's amended complaint does not relate back to the filing of the original complaint. Because the date for purposes of applying the statute of limitations is March 20, 2007, Coy's claims against PHS are barred by the statute of limitations.

For the reasons set forth above, PHS's motion to dismiss will be granted. A separate order will be entered herein this date in accordance with this opinion.